Michael C. Anderson (#15439)
**CRAIG SWAPP & ASSOCIATES**
9980 South 300 West, #400
Post Office Box 709390
Sandy, Utah 84070
Telephone: (801) 990-1919
Facsimile: (801) 984-5288
mike.anderson@craigswapp.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| JACI PURSER,<br><br>    Plaintiff,<br><br>vs.<br><br>DELTA AIR LINES, INC., a Georgia corporation,<br><br>    Defendant. | **COMPLAINT**<br><br><br><br>Case No.:<br>Judge |

Plaintiff Jaci Purser ("Plaintiff"), through her undersigned counsel, hereby complains and alleges the following against Defendant Delta Air Lines, Inc. ("Defendant") and will respectfully show as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Jaci Purser ("Plaintiff") is a resident of Salt Lake County, Utah.

2. At all material times herein, Delta Air Lines, Inc. ("Defendant") is a common carrier an airline company operating out of Fulton County, Georgia but doing business in airports in the State of Utah. This particular airplane owned and operated by Defendant Delta Air Lines was flying from Salt Lake City, Utah to Portland, Oregon. Additionally, this Defendant's continuous and systemic contacts with Utah justify the exercise of general jurisdiction. Further, this

1

Defendant's contacts with Utah arising out of the incident made the basis of this lawsuit justify the Court also exercising specific jurisdiction. Defendant Delta Air Lines, Inc. may be served with process at its office address of 1030 Delta Blvd Dept. 982, Atlanta, GA, 30320 or wherever it be may be found.

3. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1332 diversity jurisdiction.

## FACTUAL ALLEGATIONS

4. On or about Sunday, September 15, 2024, Plaintiff was a passenger on Flight 1203 of Defendant's airplane.

5. Flight 1203 was a domestic flight within the United States flying from Salt Lake City, Utah to Portland, Oregon.

6. Shortly after take-off, the cabin decompression system malfunctioned.

7. Plaintiff experienced extraordinary decompression for some 10 to 15 minutes.

8. The plane turned around and made an emergency landing back at Salt Lake City International Airport.

9. As a result of this incident, Plaintiff was severely injured. Plaintiff has sustained permanent hearing loss.

10. To date, Plaintiff has substantial treatment which will continue in the future.

## CAUSE OF ACTION I
### (Negligence)

11. Plaintiff repeats and re-alleges each allegation contained above.

12. Plaintiff sustained injuries because of the negligence of Defendant when they failed to provide proper maintenance of the subject aircraft on which Jaci Purser was a passenger and

allowing their passengers to enter and remain on board an aircraft with a dangerous condition long enough for Jaci Purser to sustain bodily injury and permanent hearing loss.

13. The negligent acts and/or omission of Defendant was the proximate cause of of Plaintiff's injuries and emotional distress.

## CAUSE OF ACTION II
## (AGENCY)

14. Plaintiff repeats and re-alleges each allegation contained above.

15. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant occurred within the scope of the actual or apparent authority of such person on behalf of Defendant Delta Air lines, Inc.

16. Therefore, Defendant is liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## CAUSE OF ACTION III
## (NEGLIGENT HIRING)

17. Plaintiff repeats and re-alleges each allegation contained above.

18. Plaintiff sustained injuries as a result of Defendant's negligent hiring because of Defendant Delta Airline Inc's:

    a.    Failure to conduct a reasonable and adequate interview of Delta Air Lines Inc's employees.

    b.    Failure to properly follow up on information not provided by Defendant employee's in the interview process.

    c.    Failure to conduct a proper employment and background check of Defendant's employees on flight 1203.

  d. Failure to sufficiently investigate Defendant's employee training, prior employment, criminal record, and past.

  e. Failure to perform the required screening and/or testing of Defendant's employees.

  f. Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

19. On balance, Defendant Delta Air Lines, Inc. owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of the Defendant Delta Air Line Inc.'s negligent hiring, Plaintiff suffered severe injuries. Plaintiff is entitled to recover for her injuries.

## CAUSE OF ACTION VI
## (NEGLIGENT TRAINING)

20. Plaintiff repeats and re-alleges each allegation contained above.

21. Plaintiff sustained injuries as a result of Defendant's negligent training because of Delta Air Line, Inc's:

  a. Failure to explain and demonstrate its safety policies and procedures to Defendant's employees.

  b. Failure to provide the necessary training to Defendant's employees regarding safety classes, how to properly maintain their planes, the proper way and the necessity of keeping the airplane clean and in proper working order, and in all matters regarding the proper and safe operation of Defendant's planes and the maintenance of a Defendant's planes in various situations.

  c. Failure to provide and/or require regular follow-up education and training.

    d.    Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

## COUNT V
## (STRICT PRODUCTS LIABILITY)

22. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

23. There was a defect in the Delta aircraft that Plaintiff boarded for her trip to Portland.

24. The defect made the aircraft unreasonably dangerous.

25. The defect was a cause of Plaintiff's harms and losses.

26. Defendant is therefore strictly liable for Plaintiff's harms and losses.

27. On balance, Defendant Delta Air Lines, Inc. owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendant Delta Air Lines, Inc.'s negligent training, Plaintiff suffered severe injuries. Plaintiff is entitled to recover for her injuries.

## DAMAGES

28. Plaintiff seeks to recover from Defendant the following damages:

    a.    For the value of past medical care and treatment in the amount as updated at trial as Plaintiff's treatment may be is ongoing and substantial;

    b.    For future medical care and treatment and other future special damages in an amount to be established through discovery;

    c.    For past, present, and future lost wages in an amount to be established discovery;

    d.    For past, present, and future loss of household services in an amount to be established discovery;

    e.    Pre and post judgment interest at the maximum rate permitted by law;

    f.    For general and compensatory damages, for pain and suffering, and loss of the enjoyment of life in an amount to be established at trial;

    g.    For all other damages as allowed under Utah law;

    h.    For such other relief as the court deems just and fair.

## DEMAND FOR JURY TRIAL

29. Plaintiff demands that, at the trial of this cause, a jury be empaneled to determine all disputed issues of fact.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief and judgment as follows:

    a.    Judgment in favor of Plaintiff and against Defendant in an amount to be determined at trial including, but not limited to, past and future medical bills, general and compensatory damages, pre-judgment and post-judgment interest;

    b.    An award for the cost the suit;

    c.    Such further relief as the Court deems just, equitable, and proper.

Dated this 25th day of August 2025.

                      **CRAIG SWAPP & ASSOCIATES**

                      */s/ Michael C. Anderson*
                      Michael C. Anderson
                      *Attorney for Plaintiff*

**Plaintiff's Address:**
Ms. Jaci Purser
c/o Mike Anderson
CRAIG SWAPP & ASSOCIATES
9980 South 300 West, #400
Post Office Box 709390
Sandy, Utah 84070